IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE RIVERA,<br>JOSE EFRAIN RENDEROS,<br>DONNY CERNA, and<br>ANGEL MAURICIO VARGAS<br><br>    **Plaintiffs,**<br><br>    v.<br><br>JUAN NUALA,<br>EDUARDS WOOD FLOORS, LLC,<br>and<br>CURBIO, INC.,<br><br>    **Defendants.** | Civil Action No. |

**NOTICE OF REMOVAL**

EXHIBIT A

Superior Court Complaint

Filed
D.C. Superior Court
09/01/2019 20:28PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JOSE RIVERA
c/o The Kaplan Law Firm
1100 N Glebe Rd., Suite 1010
Arlington, VA 22201,

JOSE EFRAIN RENDEROS
c/o The Kaplan Law Firm
1100 N Glebe Rd., Suite 1010
Arlington, VA 22201,

No. 2019 CA 005927 B

DONNY CERNA
c/o The Kaplan Law Firm
1100 N Glebe Rd., Suite 1010
Arlington, VA 22201,

and

ANGEL MAURICIO VARGAS
c/o The Kaplan Law Firm
1100 N Glebe Rd., Suite 1010
Arlington, VA 22201,

Plaintiffs,

v.

JUAN NUALA
2800 Juniper Street, Ste 3
Fairfax, VA 22031-4411,

EDUARDS WOOD FLOORS, LLC
Attn: Juan Nuala
2800 Juniper Street, Ste 3
Fairfax, VA 22031-4411,

and

CURBIO, INC.
10128 Weatherwood Court
Potomac, MD 20854,

Defendants.

## COMPLAINT

1. This is an action brought on account of Defendants' failure to pay Plaintiffs' wages, as required by law.

## JURISDICTION

2. Jurisdiction of the Court over Defendants arises from D.C. Code § 13-423 in that Plaintiffs' claims for relief arise from each Defendants' transaction of business in the District of Columbia.

## THE PARTIES

3. Jose Rivera, Jose Efrain Renderos, Donny Cerna, and Angel Mauricio Vargas were employed by Defendants as construction workers during 2018 and 2019.

4. Defendant Eduards Wood Floors is a Fairfax, Virginia firm engaged in the business of performing construction work, including by installing, finishing, re-finishing, and restoring wood floors. Eduards regularly does business in the District of Columbia and has a General Construction/Construction Manager licenses and a Home Improvement Salesman License issued by the District of Columbia. During all or part of the time during which it employed Plaintiffs, Eduards served as a subcontractor to Defendant Curbio, Inc.

5. Defendant Juan Nuala was, at all relevant times, owner, manager and operator of Eduards Wood Floors and was directly responsible for the assignments given to and pay provided to each Plaintiff. Naula regularly does business in the District of Columbia and has a Home Improvement Salesman License issued by the District of Columbia.

6. Defendant Curbio, Inc. is Potomac, Maryland firm engaging in construction work, including the pre-sale renovation of homes. During substantial periods when Defendant Eduards Wood Floors was a subcontractor to Curbio, Curbio employees directly supervised the work of

2

Plaintiffs. Curbio was an employer of Plaintiffs. Curbio regularly does business in the District of Columbia and has a Home Improvement Contractor License issued by the District of Columbia.

## THE FACTS

7. Plaintiffs worked for Defendants during 2018 and 2019 performing construction work. During a substantial portion of this period Defendants regularly, intentionally, and knowingly employed Plaintiffs substantially in excess of forty hours per week, but failed to pay them for hours in excess of forty per week at a time and a half overtime rate.

8. Defendants failed to pay Plaintiffs anything for a substantial number of the hours that Defendants worked for Plaintiffs.

9. Plaintiffs left Defendants' employ in early 2019 because they were not being paid what they were owed. To date, they have not received payment for their outstanding wages at the end of their employment. Plaintiffs' work was performed in the District of Columbia, Maryland and Virginia. A majority of Plaintiffs' work was performed in the District of Columbia. For many pay periods all of Plaintiffs work was performed in the District of Columbia.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF D.C. MINIMUM WAGE AND OVERTIME LAW

10. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

11. D.C. Code § 32-1003(c) provides that "[n]o employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1-1/2 times the regular rate at which the employee is employed."

12. D.C. Code § 32–1003 provides that a specified minimum wage must be paid to employees for each hour worked.

13. Plaintiffs were "employees," and each and all Defendants were his "employers" as defined by D.C. Code § 32-1002 and any other applicable provision of law.

14. Defendants violated the District of Columbia's minimum wage law by knowingly failing to compensate Plaintiffs at the rate of time-and-one-half their regular hourly rate for every hour worked in excess of forty hours in any one workweek.

15. Defendants also violated District of Columbia employment law by failing to pay the minimum wage for a substantial number of the hours worked by Plaintiffs.

16. Defendants' violations of the District of Columbia's minimum wage law were repeated, knowing, willful, and intentional.

17. Defendants are liable to Plaintiffs for all unpaid overtime wages and wage payments at a rate less than that of the minimum wage, plus treble that amount in liquidated damages, interest (both pre- and post-judgment), attorneys' fees, litigation costs, and any other and further relief this Court deems appropriate

## COUNT II
## FAILURE TO TIMELY PAY WAGES

18. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

19. D.C. Code § 32-1302 mandates that "[a]n employer shall pay all wages earned to his or her employees on regular paydays designated in advance by the employer."

20. D.C. Code § 32-1303 provides that "[w]henever an employer discharges an employee, the employer shall pay the employee's wages" within four days and that "[w]henever

an employee ... quits or resigns, the employer shall pay the employee's wages due upon the next regular payday or within seven days from the date of quitting or resigning, whichever is earlier."

21. D.C. Code § 32-1301(3) defines wages to include, *inter alia*, an "overtime premium."

22. Defendants' failure to pay Plaintiffs their outstanding wages on the dates they were entitled to receive payment of such wages and following their termination constitutes a violation of these provisions of the D.C. Code.

23. Defendants' failure to pay overtime also constituted a failure to timely pay Plaintiffs wages owed.

24. Defendants' failure to make such payments was repeated, knowing, willful, and intentional.

25. Defendants are liable to Plaintiffs for all minimum wages, plus treble that amount in liquidated damages, interest (both pre- and post-judgment), attorneys' fees, litigation costs, and any other and further relief this Court deems appropriate.

## COUNT III
## VIOLATION OF FLSA (UNPAID WAGES AND OVERTIME)

26. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

27. Defendants' conduct, in not paying Plaintiffs the required $7.25 per hour minimum wage for some hours worked violated the minimum wage provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, which requires that the minimum wage be paid for each hour worked.

28. Defendants' conduct, in not paying Plaintiffs at a time and one half rate for hours worked in excess of forty during a workweek, violated 29 U.S.C. § 207, which requires that employees be paid at such a rate for such overtime work.

29. Defendants' failure to make such payments was repeated, knowing, willful, and intentional.

30. Pursuant to 29 U.S.C. § 216, Plaintiffs are entitled to damages of double the amount that should have been paid plus reasonable attorneys' fees and the costs and expenses of litigation and any other and further relief this Court deems appropriate.

## COUNT IV
## VIOLATION OF MARYLAND LABOR AND EMPLOYMENT CODE

31. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

32. Maryland Labor and Employment Code § 3-413(c) requires that employees who worked in the State of Maryland for the 12-month period beginning July 1, 2017, be paid $9.25 per hour, and beginning July 1, 2018, $10.10 per hour.

33. Maryland Labor and Employment Code § 3-415 requires that employers pay an overtime wage of at least 1.5 times the usual hourly wage.

34. Maryland Labor and Employment Code § 3-502 requires that an employer pay each employee at least once in every two weeks or twice in each month.

35. Maryland Labor and Employment Code § 3-505 requires that an employer shall pay an employee all wages due for work performed before the termination of employment on or before the day on which the employee would have been paid had the employment not been terminated.

36. Defendants' failure to make such payments was repeated, knowing, willful, and intentional.

37. Pursuant to Maryland Labor and Employment Code § 3-507, Plaintiffs are entitled to an award of up to three times the amounts that were improperly not paid, plus reasonable attorneys' fees and other costs and expenses of litigation and any other and further relief this Court deems appropriate.

## DEMAND FOR JUDGMENT

Wherefore, Plaintiff demands judgment and relief as follows:

    a. Injunctive relief to enjoin Defendant from further violations of labor laws.

    b. Monetary damages, including liquidated damages, in an amount in excess of $10,000, to be proven;

    c. An award of attorneys' fees and litigation expenses, as authorized by D.C. Code § 32-1308 and any other applicable law; and

    d. Such other relief that the Court deems just and proper.

Dated: September 4, 2019

Respectfully submitted,

/s/
Matthew B. Kaplan
D.C. Bar No. 484760
The Kaplan Law Firm
1100 N Glebe Rd
Suite 1010
Arlington, VA 22201
Telephone: (703) 665-9529
Email: mbkaplan@thekaplanlawfirm.com

Lenore C. Garon
D.C. Bar No. 172205
Law Office of Lenore C. Garon, PLLC
2412 Falls Place Court
Falls Church, VA 22043
Telephone: (703) 534-6662
Fax: (703)-534-4448
Email: lenore@lenorecgaron.com

*Counsel for Plaintiffs*