IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE RIVERA,<br>JOSE EFRAIN RENDEROS,<br>DONNY CERNA, and<br>ANGEL MAURICIO VARGAS<br><br>      **Plaintiffs,**<br><br>      v.<br><br>JUAN NUALA,<br>EDUARDS WOOD FLOORS, LLC,<br>and<br>CURBIO, INC.<br><br>      **Defendants.** | Civil Action No. :  1:19-cv-03142 |

**DEFENDANT CURBIO, INC.'S REPLY IN SUPPORT OF**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

In its Motion to Dismiss, Defendant Curbio ("Curbio") set forth in detail the compelling reasons why Plaintiffs' Complaint fails to state a viable claim against Curbio.  Specifically, the Complaint fails to plausibly allege that Curbio was Plaintiffs' employer and, as explained more fully herein, Plaintiffs' Points and Authorities in Opposition to Motion to Dismiss (ECF No. 8) (hereinafter, "Opposition") utterly fails to warrant any other conclusion.  Accordingly, for the reasons stated herein, as well as in Defendant's Motion to Dismiss (ECF No. 4, 4-1), Plaintiffs fail to state a claim against Defendant Curbio under Federal Rule of Civil Procedure 12(b)(6) and must be dismissed with prejudice as a matter of law.

**I.**     **Plaintiffs' Argument that Defendant Curbio Should be Held Strictly Liable Under District of Columbia or Maryland Law Should be Rejected Because it is Not Supported by the Complaint.**

Plaintiffs first argue in their Opposition that Curbio should not be dismissed from this case because a contractor can be held strictly liable for wage and hour violations of subordinate

contractors under District of Columbia and Maryland law and that accordingly, the claims should be analyzed separately from federal law, as the Fair Labor Standards Act ("FLSA") does not provide a strict liability provision. *See* ECF No. 8 at 2. Plaintiffs' contention fails, however, because it is wholly unsupported by the factual and legal allegations in the Complaint. To be sure, the Complaint does not allege that Curbio and Defendant Eduards Wood Floors are jointly and severally liable for any alleged wage violations by Defendant Eduards Wood Floors and/or Defendant Juan Nuala. Rather, Plaintiffs' lone theory of alleged liability set forth in the Complaint is found in Plaintiffs' conclusory assertion that Curbio was an "employer" to Plaintiffs and hence, should be held liable for any alleged violations of the other Defendants. *See* Complaint, ECF No. 1-2, ¶ 6 ("Curbio was an employer of Plaintiffs").

Plaintiffs' lone allegation that Defendant Eduards Wood Floors is the subcontractor of Curbio (Compl., ECF 1-2, ¶ 4) is wholly insufficient to survive a Motion to Dismiss. "[B]oilerplate and conclusory allegations will not suffice. Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997) (citing *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284-85 (3d Cir. 1992)). Here, the Complaint singularly asserts the potential theory of liability towards Curbio that it was the "employer" of Plaintiffs. However, the Complaint utterly fails to set forth any factual allegations to make their claim plausible. Accordingly, Plaintiffs have failed to state a claim against Curbio under Maryland and District of Columbia law.

II. **Plaintiffs' Complaint Should be Dismissed Because it Fails to Allege that Curbio was an Employer under the Fair Labor Standards Act**

Plaintiffs also fail to allege that Curbio was an employer of Plaintiffs under the FLSA. Plaintiffs contend that their federal claims are adequately pled due to the FLSA's expansive definition of employer. While Plaintiffs admit in their opposition that "D.C. Circuit has suggested

that among the factors that should be taken into account are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of, and (4) maintained employment records" (ECF No. 8 at 3-4), Plaintiffs nevertheless attempt to rest on their single, conclusory allegation that "Curbio employees directly supervised the work of Plaintiffs." Compl., ECF 1-2 ¶ 6. This wholly conclusory assertion cannot serve to salvage Plaintiffs' Complaint against Curbio. To that end, in Paragraph 5 of the Complaint, Plaintiffs allege that "Defendant Nuala was . . . owner, manager and operator of Eduards Wood Floors and was **directly responsible for the assignments given to and pay provided to each Plaintiff**." *Id*. at ¶ 5. (Emphasis added) This assertion fundamentally contradicts Plaintiffs' conclusory allegation in the Complaint that Curbio was an "employer" of Plaintiffs.

Plaintiffs' Complaint is devoid of any factual allegations that Curbio controlled the work of the Plaintiffs in any specific ways (e.g., by imposing discipline, controlling assignments, issuing work rules, setting operating hours or employee work hours, or by maintaining employment records). Rather, Plaintiffs merely assert a conclusion, to wit: that Curbio was an "employer" of Plaintiffs because Curbio employees purportedly "directly supervised the work of Plaintiffs." *See* Compl., ECF No. 1-2, ¶ 6. Such conclusory assertion does not pass muster under the pleading standards to be applied by this Court in assessing Curbio's Motion to Dismiss. *See Xue Lian Lin v. Comprehensive Health Mgmt., Inc.,* No. 08 CIV.6519 (PKC), 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009) (granting a motion to dismiss where "[t]he complaint does not allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment the complaint fails to adequately allege that the Individual Defendants were 'employers' under the FLSA."); *see also Luangisa v. Interface*

*Operations LLC*, No. 2:11-CV-00951-RCJ, 2011 WL 4757773, at *2 (D. Nev. Oct. 7, 2011) (granting defendant's motion to dismiss where "Plaintiff has so far only alleged [defendant]'s supervisory control in conclusory fashion. He must specifically allege how [defendant] controlled his daily work duties.").

Moreover, as discussed in Curbio's Motion to Dismiss, this Court has previously held in *Bonilla v. Power Design Inc.*, that "[plaintiff's] bare allegation that [the general contractor] was his employer is a legal conclusion that the Court need not accept as true." *Bonilla v. Power Design Inc.*, 201 F. Supp. 3d 60, 63-64 (D.D.C. 2016). Plaintiffs have not even attempted to distinguish the case at bar from *Bonilla,* as they have failed to allege any facts indicative of the economic reality prevailing between them and Curbio.[1] *C.f. LCvR 7(b); Buggs v. Powell,* 293 F. Supp. 2d 135, 141 (D.D.C.2003) (court may treat as conceded those arguments raised in a dispositive motion that the plaintiff failed to address in his opposition); *McKeel v. U.S.*, 178 F. Supp. 2d 493, 504 (D. Md. 2001) (granting defendant's motion to dismiss for reasons including that "[p]laintiff appears to concede this point, as he has failed to respond to the [defendant's] argument on this point.").

**III.    Plaintiffs Should Not Be Granted Leave to Amend.**

Rule 15 of the Federal Rules of Civil Procedure states that courts should "freely give leave" to amend, but it limits this mandate to circumstances "when justice so requires." Notably, Plaintiffs contend that leave to amend should be granted because Plaintiffs "can provide more detailed facts evidencing their employer-employee relationship and the degree of control that Curbio exercised over each Plaintiff." ECF No. 8 at 6. According to Plaintiffs' own argument, they have deliberately held back facts from the Complaint, which they now suggest could

---

[1] Notably, Plaintiffs fail to distinguish the case at bar from *any* of the cases cited by Curbio in its Motion to Dismiss.

4

somehow salvage their legally deficient complaint. Presumably, Plaintiffs withheld these purported facts to gain some sort of tactical advantage in the litigation. Such circumstances as presented to the Court do not – as a matter of justice – warrant granting Plaintiffs' request for leave to amend, as set forth in Rule 15.  Accordingly, the Court should deny Plaintiffs' request to amend the complaint.

## CONCLUSION

Based upon the forgoing reasons, and the reasons set forth in Defendant Curbio's Motion to Dismiss, Curbio respectfully requests that this Court dismiss Plaintiffs' Complaint against Curbio, with prejudice.

Dated:  November 19, 2019

                                              Respectfully submitted,

                                       */s/ Connie M. Ng*
                                      Connie M. Ng, D.C. Bar No. 1017855
                                      John B. Flood, D.C. Bar No. 500069
                                      OGLETREE, DEAKINS, NASH,
                                        SMOAK & STEWART, P.C.
                                      1909 K Street, N.W., Suite 1000
                                      Washington, DC 20006
                                      Tel:  (202) 887-0855
                                      Fax: (202) 887-0866

                                      *Counsel for Defendant Curbio, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was electronically filed via the Court's CM/ECF filing system on this 19th day of November, 2019, which served notification upon the following counsel of record:

| | |
|---|---|
| Matthew B. Kaplan | Lenore C. Garon |
| The Kaplan Law Firm | Law Office of Lenore C. Garon, PLLC |
| 1100 N Glebe Road, Suite 1010 | 2412 Falls Place Court |
| Arlington, VA 22201 | Falls Church, VA 22043 |
| (703) 665-9529 | (703) 534-6662 |
| mbkaplan@thekaplanlawfirm.com | Fax (703) 534-4448 |
| *Counsel for Plaintiffs* | lenore@lenorecgaron.com |
| | *Counsel for Plaintiffs* |

I further certify that a true copy of the foregoing was served by electronic mail and U.S. Mail upon the following:

Juan Nuala
Eduards Wood Floors LLC
2800 Juniper Street, Ste. 3
Fairfax, VA 22031-4411
*Defendants Juan Nuala and Eduards Wood Floors LLC*

 /s/ Connie M. Ng
Connie M. Ng, D.C. Bar No. 1017855
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
  1909 K Street, N.W., Suite 1000
Washington, D.C. 20037
Tel:  (202) 887-0855
Fax:  (202) 887-0866
Email: connie.ng@ogletreedeakins.com

*Counsel for Defendant Curbio, Inc.*